# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

JO ANN PERRY                                                                                      PLAINTIFF

V.                                                                                    NO. 4:17CV00081-JMV

COMMISSIONER OF SOCIAL SECURITY                                                      DEFENDANT

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for a period of disability and disability insurance benefits and supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held September 20, 2018, the ALJ's decision is not supported by substantial evidence in the record. Specifically, the ALJ and the Appeals Council failed to consider the opinions of Johnnie Morris, D.C., (Tr., Ex. 20F) and Debbie McGehee, FNP, (Tr., Ex. 19F) in accordance with 20 C.F.R. 404.1527(d) and 416.927(d) and SSR 06-03p. This legal error prejudiced the claimant because the ALJ's RFC assessment conflicted with these medical opinions to the extent the ALJ's assessment indicated the claimant was capable of sitting for at least six hours a day and occasional stooping. Nurse McGehee, on the other hand, in a medical source statement, opined that the claimant could

–1–

only sit for less than two hours in a work day and could only rarely stoop. And, Dr. Morris opined the claimant could never stoop.[1] Of course, with regard to the issue of bending and stooping, the claimant had consistently complained to Dr. Morris that she experienced pain when bending, and a May 6, 2013, record from a back exam at the Greenwood Leflore Neurosurgery Clinic (Tr., Ex. 8F-124-125) indicated "[f]orward flexion . . . [was] possible to 90 degrees limited by right SI joint pain . . . . Extension is performed to 0 degrees and or neutral position limited by right hip pain." With regard to sitting, the claimant consistently alleged to Dr. Morris that she could only sit comfortably in a recliner. Ultimately, had the ALJ considered these opinions, her decision may have been different.

Finally, it should be noted that neither the ALJ nor the Appeals Council fully appreciated the severity of the claimant's back impairment. Indeed, the claimant's April 10, 2013, MRI report (Tr., Ex. 5F) showed "central protrusion of disc material impinging upon the thecal sac centrally" at L4-5, and a December 15, 2015, nerve conduction and EMG report suggested "nerve root irritation affecting the left predominantly L5 nerve root." The ALJ, nevertheless, found the claimant's April 2013 MRI "revealed no evidence of nerve root involvement" and that, as regards the claimant's allegations of foot numbness, "there was no objective evidence of decreased sensation."

On remand, the ALJ must consider the opinions of Nurse McGehee and Dr. Morris along with Dr. Morris's records and all the medical evidence in the file including, but not limited to, the claimant's imaging records. If necessary, the ALJ must recontact Nurse McGehee and/or Dr.

---

[1] It is noteworthy that though Dr. Morris limited his opinions to the period May 2013 to June 2013, nothing in his records indicates the claimant's issues with bending or stooping ever resolved. Neither the ALJ nor the Appeals Council mentioned this evidence.

Morris for clarification of any opinion and/or order a physical consultative examination. And, to the extent necessary, the ALJ must obtain supplemental vocational expert evidence on the issue of whether there is any work the claimant can perform, considering her limitations. Ultimately, the ALJ must render a new decision, supported by substantial evidence in the record.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 24th day of September, 2018.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE